UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**RAMADA WORLDWIDE INC., f/k/a
RAMADA FRANCHISE SYSTEMS, INC.,**

      Plaintiff**,**

**v.**                               **Case No.: 8:07-CV-1459-T-27EAJ**

**AB ASSOCIATES MIDLAND
MANAGEMENT and JACK W. HOWITT,**

      Defendants.

## <u>ORDER</u>

Before the court are **Defendants' Second Motion to Strike and Motion for Protective Order** (Dkt. 15) filed on October 17, 2007, and **Plaintiff's Opposition to Defendants' Second Motion to Strike** (Dkt. 16) filed on October 25, 2007.

Defendants request that the court strike Exhibit B to Plaintiff's Opposition to Defendants' Dispositive Motion to Dismiss, or in the Alternative, to Transfer Venue. Exhibit B is a November 1993 financial statement of Defendant Jack W. Howitt ("Howitt"). In reference to Defendants' Motion to Transfer Venue, Defendants contend that Howitt's financial position 14 years ago is irrelevant and the probative value of the financial statement is outweighed by the danger of unfair prejudice to Defendants. Defendants also filed an unopposed motion for a protective order prohibiting public access to Exhibit B.

In response, Plaintiff argues that Howitt's financial statement is relevant to whether the district court should transfer this case to New York.

Pursuant to 28 U.S.C. § 1404(a), a district court has broad discretion to transfer any action for the convenience of the parties and witnesses and in the interests of justice. <u>See</u> <u>Central Money</u>

<u>Mortgage Co., Inc. v. Holman</u>, 122 F. Supp. 2d 1345, 1346-47 (M.D. Fla. 2000).  In determining whether a case should be transferred, courts must make two inquiries: whether the action could have been filed in the proposed transfer district and whether various factors demonstrate that the proposed transfer district is a more convenient forum.  <u>Roy v. Alliance Capital Mgmt, L.P.</u>, No. 8:01-cv-2449-T-24MSS, 2002 U.S. Dist. LEXIS 2666,  at *4 (March 13, 2002).  One of the factors relevant to the court's decision includes the financial positions of the parties.  <u>Bookworld Trade, Inc. v. Daughters of St. Paul, Inc.</u>, No. 8:06-CV-1746-T-27MAP, 2006 U.S. Dist. LEXIS 83664, at * 4 (Nov. 15, 2006).

Here, Howitt's financial statement may be relevant to the court's determination on whether the action should be transferred to another district court.   The court can later decide what weight to accord the financial statement due to its age.  Moreover, there is good cause  for the issuance of a protective order limiting public access to Howitt's personal information contained in Exhibit B. As such, because the confidential financial information will be filed under seal, there is little danger of unfair prejudice to Howitt.

Accordingly and upon consideration, it is **ORDERED** and **ADJUDGED** that:

(1)    **Defendants' Second Motion to Strike** (Dkt. 15) is **DENIED**;

(2)    **Defendants' Motion for Protective Order** (Dkt. 15) is **GRANTED**.  The Clerk of the Court shall terminate Exhibit B of Dkt. 10 from the docket.   Within five days of this order, Plaintiff shall file under seal Exhibit B of Dkt. 10 with the court.

**DONE AND ORDERED** in Tampa, Florida on this 5th day of November, 2007.

2

ELIZABETH A JENKINS
United States Magistrate Judge