UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RAMADA WORLDWIDE, INC. f/k/a
RAMADA FRANCHISE SYSTEMS, INC.,

           **Plaintiff,**

vs.                                                Case No.: 8:07-CV-1459-T-27EAJ

AB ASSOCIATES MIDLAND
MANAGEMENT and JACK W. HOWITT,

           **Defendants.**
_____/

## ORDER

**BEFORE THE COURT** is the Defendants' Dispositive Motion to Dismiss, or in the Alternative, to Transfer Venue (Dkt. 8). This is an action seeking damages based on a Guaranty executed by Defendants, attached to the Complaint as Exhibit C. Upon consideration, the Court finds that the Complaint sufficiently pleads a cause of action against Defendant AB. The Complaint does not, however, sufficiently plead a cause of action against Defendant Howitt and should accordingly be dismissed as to him, without prejudice. Venue is proper in the Western District of New York, the district in which the Defendants reside, rather than the Middle District of Florida. In addition, the Western District of New York is a more convenient venue for the parties in the interest of justice. Accordingly, Defendants' Motion to Dismiss, or in the Alternative, to Transfer Venue (Dkt. 8) is GRANTED.

        Plaintiff, Ramada Worldwide Inc., f/k/a Ramada Franchise Systems, Inc ("Ramada") is a Delaware corporation with its principal place of business in Parsippany, New Jersey. (Dkt. 1, Compl. ¶ 1). Defendant Howitt is a resident of Rochester, New York. (Dkt. 1, Compl. ¶ 3). Plaintiff alleges

1

that Defendant, AB Associates Midland Management ("AB") is a general partnership organized and existing under the laws of the state of Florida, is a citizen of Florida, and has its principal place of business in Hillsborough County, Florida. (Dkt. 1, Compl. ¶ 2).[1] AB denies that it is a Florida partnership and contends that it resides in the Western District of New York. (Dkt. 8, p. 7; Dkt. 9, ¶ 22; Dkt. 9, Ex. B).[2]

In 1993, Ramada entered into a License Agreement with Apollo Bayside Management Group (ABM) for the operation of a Ramada lodging facility in Apollo Beach, Florida. (Dkt. 1, Compl. ¶¶ 8, 9). Defendant AB provided Ramada with a Guaranty of AB's obligations under the license agreement.[3] (Dkt. 1, Compl. ¶ 23; Ex. C). The Guaranty provides in pertinent part:

> [T]he undersigned, jointly and severally, hereby unconditionally warrant to Ramada and its successors and assigns that all of Licensee's representations in the Agreement are true and guaranty that all of Licensee's obligations under the above agreement, including any amendments thereto whenever made (the "Agreement"), will be punctually paid and performed.
>
> Upon default by Licensee and notice of such default from Ramada, the undersigned will immediately make each payment coming due thereafter and perform each obligation required of Licensee under the Agreement. . . .
>
> The undersigned will pay amounts owed by Licensee under the License Agreement due prior to receipt of the notice of default after Ramada uses its best efforts to collect such amounts, including institution of suit and prosecution to collect any judgment awarded in such suit, provided that the undersigned will be responsible to pay or reimburse the costs of collection including court costs and attorneys' fees. If

---

[1] Defendants contend that AB was incorrectly named in the Complaint as AB Associates Midland Management and that the entity's correct name is AB Associates.

[2] The affidavit of Jack Howitt, which attaches a copy of AB's partnership agreement identifying AB as a New York Partnership, will be considered only with regard to Defendants' request to transfer venue. *Sanford Airport Auth. v. ACI Cont. Servs.*, No. 6:07-cv-1842-Orl-31DAB, 2008 WL 113776, at *1 (M.D. Fla. Jan. 8, 2008) (court may consider matters outside the pleadings in considering a motion to dismiss for improper venue).

[3] The Guaranty is signed by Howitt as a general partner of AB. Plaintiff alleges that both Defendants provided the guaranty (Dkt. 1, Compl. ¶ 23). Defendants contend that the guaranty was furnished solely by AB and that Howitt cannot be individually liable as a General Partner of AB. (Dkt. 8, pp. 2-3, 6). That is an issue which is more properly addressed in a dispositive motion, if a cause of action is plead against Howitt.

>Ramada is unable to collect the amounts due from Licensee within 90 days after judgement the undersigned party shall pay the amounts due and reimburse Ramada for all costs of collection, including attorneys' fees, whereupon Ramada shall assign its claim to the undersigned and cooperate in its further prosecution at the expense of the undersigned.

(Dkt. 1-4, Compl. Ex. C).

Plaintiff alleges that ABM breached the License Agreement in January 2005 when it transferred ownership of the facility to a third party without Ramada's consent. (Dkt. 1, Compl. ¶ 26). Plaintiff further alleges that in March 2005, it notified ABM, AB and Howitt that ABM was in breach of the License Agreement. (Dkt. 1, Compl. ¶ 27). Plaintiff seeks judgment against Defendants AB and Howitt on the Guaranty for damages, including revenue derived as a result of marketing, promoting, or selling guest lodging services at the facility, liquidated damages for ABM's termination of the License Agreement and unauthorized transfer of its ownership interest in the facility, loss of future revenue and for recurring fees due under the License Agreement. (Dkt. 1).

### Sufficiency of Plaintiff's Complaint

Rule 8(a)(2), Fed.R.Civ.P., requires that a complaint provide "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to give fair notice of the nature of the claim and the grounds on which it is based. Fed. R. Civ. P. 8(a)(2); *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citing *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964 (2007)). Although a complaint need not include detailed factual allegations, it must contain sufficient factual allegations, which, when taken as true, "raise a right to relief above the speculative level." *Twombly*, 127 S. Ct. at 1964-65; *Watts v. Florida Int'l Univ.*, 495 F.3d 1289, 1295-96 (11th Cir. 2007). A well-pleaded complaint may survive a motion to dismiss even if it appears "that recovery is very remote and unlikely." *Twombly*, 127 S. Ct. at 1965 (quoting *Scheur v. Rhodes*, 416 U.S. 232, 236

(1974)).

The Complaint gives fair notice to Defendants of the nature of the claims. Plaintiff seeks damages pursuant to the Guaranty based on the alleged defaults of the Licensee. (Dkt. 1, ¶¶ 23, 24, 25, 32, 40, 46, 52 58). While the Guaranty is absolute in most respects, it is conditional in at least one respect, the obligation of the guarantor for amounts owed and due "prior to receipt of the notice of default, after Ramada uses its best efforts to collect such amounts, including institution of suit and prosecution to collect any judgment awarded in such suit . . . ." (Dkt. 1-4, Compl. Ex. C). That does not, however, negate the sufficiency of the Complaint. Notwithstanding the conditional nature of the Guaranty, the allegations of the Complaint raise "a right to relief above the speculative level." *Twombly*, 127 S. Ct. at 1964-65. As to Defendant AB, the Complaint survives Defendants' motion to dismiss.

As to Defendant Howitt, however, the Complaint fails to allege or address the grounds for individual liability under the Guaranty. The Guaranty expressly absolves the General Partners of AB of "personal liability to Ramada" except under certain circumstances. (Dkt. 1-4, Compl. Ex. C). Accordingly, the Complaint does not contain sufficient factual allegations, even if taken as true, which raise "a right to relief above the speculative level." *Twombly*, 127 S. Ct. at 1964-65. "[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court." *Id.* at 1966 (citations omitted). Factual allegations that are "merely consistent" with the plaintiff's legal theory will not suffice when, "without some further factual enhancement [they stop] short of the line between possibility and plausibility of entitlement to relief." *Id.* (citations omitted). To survive a motion to dismiss, Plaintiff must plead more than mere legal conclusions.

It must allege specific bases for those conclusions or face dismissal. *Jackson v. Bellsouth Telecomms.*, 372 F.3d 1250, 1263 (11th Cir. 2004). Although the factual allegations of the Complaint are taken as true for purposes of the motion to dismiss, "conclusory allegations and unwarranted deductions of fact are not admitted as true." *Griffin Indus., Inc. v. Irvin*, 496 F.3d 1189, 1206 (11th Cir. 2007) (quoting *Associated Builders, Inc. v. Ala. Power Co.*, 505 F.2d 97, 100 (5th Cir. 1974) (citations omitted)).

In this respect, the Complaint falls short of demonstrating a factual basis for relief against Howitt individually. The allegations do not include essential factual components beyond speculation that Plaintiff is entitled to relief as against Howitt individually. Accordingly, Plaintiff's Complaint does not meet the threshold pleading requirement of Rule 8. *Twombly*, 127 S. Ct. at 1964-65 (Complaint must contain sufficient factual allegations, which, when taken as true, "raise a right to relief above the speculative level.").

**Venue**

As an alternative to dismissing the complaint for failure to state a cause of action, Defendants request that the case be dismissed based on improper venue pursuant to 28 U.S.C. § 1391(a) or transferred to the Western District of New York for convenience pursuant to 28 U.S.C. §1404(a). Section 1391(a) provides:

> A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

Plaintiff contends that venue is proper in the Middle District of Florida pursuant to § 1391(a)(2) because 1) the Guaranty guaranteed repayment of funds loaned to a business located in this district; 2) the underlying breach of the License Agreement which triggered Defendants' obligations under the Guaranty occurred in this district; 3) much of the alleged harm caused by the underlying breach occurred in this district; 4) the hotel was located in this district; and 5) Howitt received correspondence mailed to the hotel at its Apollo Beach address.[4] (Dkt. 10, p. 9).

Defendants, on the other hand, contend that although the Guaranty lists AB as a Florida general partnership, it is actually a New York partnership. Defendants contend that because both Defendants reside in New York, venue is only proper in the Western District of New York pursuant to §1391(a)(1).[5] Defendants also contend that venue in the Middle District of Florida is not proper because 1) payment allegedly due under the Guaranty was to be made to Plaintiff in New Jersey, where Plaintiff has its principal place of business; and 2) the Guaranty, not the property, is the subject of the Action. (Dkt. 8, p. 7).

Plaintiff contends that venue is proper in the Middle District of Florida, relying on 28 U.S.C. § 1391(a)(2), which provides that venue is proper in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated." A plaintiff is not required to select the venue with "the *most* substantial nexus to the dispute," as long as it chooses a venue where a substantial part of the events

---

[4] Section 1391(a) applies to cases founded only on diversity of citizenship. Section 1391(b) applies to cases not founded solely on diversity of citizenship. As jurisdiction over this action is founded only on diversity of citizenship, § 1391(a) applies. The provisions of §1391(a)(2) and (b)(2) are the same and require the same legal analysis. *See Morgan v. N. Miss. Med. Ctr., Inc.*, 403 F. Supp. 2d 1115, 1122-23 (S.D. Ala. 2005) (citing *Jenkins Brick Co. v. Bremer*, 321 F.3d 1366, 1371-72 (11th Cir. 2003)).

[5] Defendants' argument that § 1391(a) is to be applied hierarchically is contrary to the plain statutory language and is rejected. *I.M.D. USA, Inc. v. Shalit*, 92 F. Supp. 2d 315, 317 (S.D.N.Y. 2000); *see also S.L. Sakansky & Assocs. v. Allied Am. Adj Co. of Fla.*, No. 3:05-cv-708-J-32MMH, 2006 WL 948055, at *2 n.3 (M.D. Fla. April 12, 2006).

giving rise to the claim occurred. *Morgan*, 403 F. Supp. 2d at 1122 (citations omitted). Notwithstanding, venue may be proper in more than one district.[6] *Jenkins Brick Co. v. Bremer*, 321 F.3d 1366, 1371 (11th Cir. 2003). In considering whether venue is proper, "[o]nly the events that directly give rise to a claim are relevant. And of the places where the events have taken place, only those locations hosting a substantial part of the events are to be considered." *Id.* (quotations omitted)

Clearly, venue would be proper in the district in which the Defendants reside, the Western District of New York. Whether venue is proper in the Middle District of Florida is a closer question. The crux of this case is whether Defendants are liable pursuant to the Guaranty for ABM's breach of the License Agreement. A significant aspect of ABM's alleged breach of the License Agreement, its transfer of ownership to a third party without Ramada's consent, necessarily occurred in the Middle District of Florida, where the hotel was located. On the other hand, Plaintiff's claim is for unpaid payments due pursuant to the License Agreement and guaranteed by the Guarantor, not any performance deficiencies in the operation of the hotel by ABM.

Plaintiff's principal place of business is in New Jersey. Presumably, although not alleged in the Complaint, payments due from ABM pursuant to the License Agreement were payable to Ramada at its principal place of business in New Jersey. The Guaranty obligates the Guarantor to "punctually" pay and perform the obligations of ABM under the License Agreement. (Dkt. 1-4, Compl. Ex. C). Payments due are presumed to be payable to Ramada at its principal place of

---

[6] Sections 1391(a)(2) and (b)(2) were amended in 1990. *Jenkins Brick Co.*, 321 F.3d at 1371. The amended provisions contemplate that venue may be proper in two or more districts, thereby relieving courts of having to arbitrarily choose a venue. *Id.* The amendment did not "mean, however, that the amended statute no longer emphasizes the importance of the place where the wrong has been committed. Rather, the statute merely allows for additional play in the venue joints, reducing the degree of arbitrariness in close cases." *Id.*

business in New Jersey.[7]

Plaintiff's choice of venue notwithstanding, it is apparent that venue should be transferred to the Western District of New York, where Defendants reside. The dispute in this case has virtually no nexus to the Middle District of Florida, except by reference to historical events such as the operation of the hotel in Apollo Beach and ABM's transfer of ownership to a third party. Notwithstanding, this suit is for damages based on the Guaranty, not the operation of the hotel or the transfer of ABM's interest to the third party. The essence of Plaintiff's claims is the obligation of the Guarantor to make the payments pursuant to the License Agreement. Payments pursuant to the License Agreement were payable to Ramada in a district other than the Middle District of Florida.[8] It cannot be said, therefore, that a substantial part of the events giving rise to the claim occurred in the Middle District of Florida. Defendants' motion to dismiss Plaintiff's complaint due to improper venue is GRANTED.

Alternatively, Defendants contend that the action should be transferred to the Western District of New York pursuant to 28 U.S.C. § 1404(a) for the convenience of the parties and witnesses. Section 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." A party seeking transfer of an action has the burden of establishing that the

---

[7] The underlying License Agreement, the performance of which is guaranteed by the Guarantor, specified that the agreement would be construed in accordance with New York law and that the Licensee consented to jurisdiction and venue in the Southern District of New York (Dkt. 1, Ex. A, ¶ 27).

[8] Venue is proper in the district where payments under a contract are allegedly due. *See Tow Servs. Int'l, Inc. v. Pontin*, 472 F. Supp. 2d 349, 364-65 (E.D.N.Y. 2007); *Norben Import Corp. v. Metro. Plant & Flower Corp.*, No. Civ.A. 05-54 (JCL), 2005 WL 1677479, at *10-11 (D.N.J. July 15, 2005); *Concesionaria DHM, S.A. v. Int'l Fin. Corp.*, 307 F. Supp. 2d 553, 559-561 (S.D.N.Y. March 6, 2004); *Saltzman v. La. Auction Exchange, Inc.*, 997 F. Supp. 537, 541 (S.D.N.Y. 1998).

suggested forum is more convenient. *In re Ricoh Corp.*, 870 F.2d 570, 573 (11th Cir. 1989). Plaintiff's choice of forum is given considerable deference. *Id.* at 572; *see also Robinson v. Giarmarco & Bill, P.C.*, 74 F.3d 253, 259 (11th Cir. 1996) (citations omitted)( "The plaintiff's choice of forum should not be disturbed unless it is clearly outweighed by other considerations."). For purposes of this discussion, the court will assume that venue is proper in the Middle District of Florida. As discussed, venue in the Western District of New York is also proper.

Defendants have the burden of establishing that the suggested forum is more convenient. *Robinson*, 74 F.3d at 260. While a number of factors relevant to transfer are appropriately considered, "ultimately, the resolution of the question is for the Court's discretion." *Cortez v. First City Nat'l Bank of Houston*, 735 F. Supp. 1021, 1023 (M.D. Fla. 1990). After careful consideration, this Court finds that the convenience of all parties and the interests of justice compel a transfer of venue to the Western District of New York.

Based on Howitt's affidavit, AB and Howitt are residents of the Western District of New York. (Dkt. 9, Howitt Aff. ¶ 36). It is noted that with respect to the Guarantor's obligation under the Guaranty after notice of ABM's default, Plaintiff alleges that it mailed its Notice of Termination to Howitt in New York, copying "AB Associates (Guarantor)" (Dkt. 1, ¶ 27; Ex. D). Accordingly, the Western District of New York would be more convenient for Defendants. Given its proximity to New Jersey, it would likewise be a convenient venue for Plaintiff.[9] As the material events giving rise to Plaintiff's claim under the Guaranty occurred outside the Middle District of Florida, and all parties reside either in New York or New Jersey, venue in the Western District of New York would

---

[9] While Plaintiff takes issue with Howitt's affidavit, it offers no contrary evidence weighing on the convenience of the parties with respect to venue.

be more convenient to the parties than Plaintiff's choice of venue.

Accordingly, Defendants' Dispositive Motion to Dismiss, or in the Alternative, to Transfer Venue (Dkt. 8), to the extent it challenges whether a cause of action is stated, is DENIED as to Defendant AB. The motion is GRANTED as to Defendant Howitt without prejudice. Defendants' alternative Motion to Transfer Venue (Dkt. 8), is GRANTED.

The Clerk is directed to transfer this action to the Western District of New York and close this case.

**DONE AND ORDERED** in chambers this 28th day of March, 2008.

JAMES D. WHITTEMORE
United States District Judge

Copies to: Counsel of Record